IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM KEITH LEMAY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE, and BRET D. DAVIS, <br><br> Defendants. | Case No. 16-CV-749-GKF-FHM |

## OPINION AND ORDER

Before the court is the Motion to Dismiss [Doc. No. 6] of defendant Brett Davis ("Mr. Davis") and the Motion to Dismiss [Doc. No. 8] of defendants Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage (collectively, "Wells Fargo"). For the reasons set forth below, the motions are granted.

### I. Background

This dispute arises from Wells Fargo's foreclosure on the home of plaintiff William Keith Lemay ("Mr. Lemay"). On August 4, 2016, the District Court for Washington County, Oklahoma, entered judgment in Wells Fargo N.A.'s favor in the underlying foreclosure action. [Doc. No. 6-1]. Mr. LeMay filed the instant suit on December 16, 2016, alleging fraud, bank fraud, conspiracy, obstruction of justice, tax fraud, money laundering, wire fraud, perjury, due process violations, failure to produce the original note, and violations of the PATRIOT Act. [Doc. No. 2]. The complaint consists of a hodgepodge of filings from other courts, a declaration by Franklin Garfield, Esq. in a federal bankruptcy proceeding in Arizona, assorted caselaw, and excerpts from a booklet entitled "Your Money." Mr. Davis and Wells Fargo now move to dismiss.

## II. Failure to State a Claim

On a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the court must determine whether the plaintiff states a claim upon which relief can be granted. To that end, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotation marks omitted). In construing a complaint, "the court should not assume the role of advocate, and should dismiss claims" that are vague or incomprehensible. *See Verry v. City of El Reno*, No. CIV-05-1121-F, 2005 WL 3187265, at *1 (W.D. Okla. Nov. 29, 2005); *Moser v. Okla.*, 118 Fed. App'x 378, 381 (10th Cir. 2004). The plausibility requirement helps "weed out" claims lacking any reasonable prospect of success. *See Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008).

Mr. Lemay's complaint "consists of an unintelligible patchwork of inapplicable case law, irrelevant statutes[,] and memorand[a] apparently procured from the internet." *See Lee v. First Un. Bank & Trust*, No. 11-CV-637-TCK, 2012 WL 1955873, at *1 (N.D. Okla. May 30, 2012) (quotation marks and citation omitted). Indeed, the bulk of Mr. Lemay's allegations appear to be "a boilerplate recitation of someone's thoughts on the banking and real estate industries" available for download "on various websites." *See Johnson v. BAC Home Loan Servicing, LP*, No. 5:10-CV-271-F, 2011 WL 223874, at *5 (E.D. N.C. 2011). Specifically, the "affidavit" of Neil Franklin Garfield, Esq.—attached to the complaint—advances a "vapor money" theory, a "convoluted and nonsensical argument that a plaintiff does not owe . . . money advanced by [a] lender . . . because the indebtedness was not funded by the lender with actual money." *Gilford v.*

*Bank of N.Y. Mellon*, No. 1:14-CV-03808-CC-JCF, 2015 WL 11978618, at *3 (N.D. Ga. Apr. 16, 2015) (quotation marks and citation omitted). That so-called "theory" has been roundly rejected by federal courts. *See id.*; *Evans v. Beneficial Fin., Inc.*, No. DKC 14-1994, 2015 WL 535718, at *5 (D. Md. Feb. 9, 2015) (collecting cases).

In this way, the complaint not only fails to state "any cognizable claim or set of facts from allegations therein," *see Lee*, 2012 WL 1955873, at *1; *see also Perkins v. Bank of N.Y. Mellon*, No. 3:10CV449-JAG, 2011 WL 486943, at *4 (E.D. Va. Feb. 4, 2011); *Stewart v. HSBC Bank, USA*, No. 3:10CV586, 2010 WL 3522087, at *3 (E.D. Va. Sept. 3, 2010), but also fails to comply with Rule 8(a)(2)'s requirement for "a short and plain statement of the claim showing" entitlement to relief, Fed. R. Civ. P. 8(a)(2); *Johnson*, 2011 WL 223874, at *5; *Stewart*, 2010 WL 3522087, at *3; *Perkins*, 2011 WL 486943, at *4. Mr. Lemay responds that a *pro se* litigant's complaint must be construed liberally. And that is true. But "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil [Procedure]." *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Accordingly, Lemay's claims are dismissed for failure to state a claim upon which relief can be granted.[1]

### III. The *Rooker-Feldman* Doctrine

Alternatively—to the extent the court can divine anything from the complaint—Mr. Lemay's claims against Wells Fargo, N.A. are barred by the *Rooker-Feldman* doctrine. The

---

[1] Mr. Lemay responded to defendants' motions to dismiss on February 23, 2017, filing an "Objection to Defendants' Motion to Dismiss" [Doc. No. 17] and an "Affidavit of Truth" [Doc No. 18]. While these filings provide clarifying detail concerning the state court foreclosure proceedings, they do not address the fundamental deficiencies with Mr. Lemay's complaint. To the contrary, Mr. Lemay doubles down on the vapor money theory, which undergirds all of his claims, [Doc. No. 18, pp. 2, 5–8], and makes clear the gravamen of his complaint concerns the state court proceedings, [*id.* at 3–5]; [Doc. No. 17, pp. 2–5].

*Rooker-Feldman* doctrine provides that "federal district courts lack jurisdiction to review state court judgments." *Read v. Klein*, 1 Fed. App'x 866, 869 (10th Cir. 2001); *Campbell v. City of Spencer*, 692 F.3d 1278, 1281 (10th Cir. 2012) ("*Rooker-Feldman* is a jurisdictional prohibition[.]"). Rather, pursuant to 28 U.S.C. § 1257, "[r]eview of [a] state court judgment must proceed to the state's highest court and then to the United States Supreme Court." In this way, "[t]he *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006). Specifically, it bars jurisdiction of cases brought by state-court losers complaining of" injuries related to claims that were—or should have been—raised in state proceedings. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine reaches all claims "inextricably intertwined" with a state court judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006).

Here, all of Mr. Lemay's claims arise from the same nucleus of common fact—Wells Fargo's foreclosure on his property. A judgment of foreclosure was entered by the Washington County District Court on August 4, 2016, [Doc. No. 6-1, p. 4], months before this action was filed. Now, in one form or another, Mr. Lemay effectively seeks to "invalidate the foreclosure judgment." *See Le Mar v. Midfirst Bank*, Civ. No. 15-cv-1988 (KM), 2016 WL 869016, at *6 (D.N.J. Mar. 7, 2016). At a minimum, Mr. Lemay's due process, fraud, and perjury claims "implicate[ ] the validity of the procedures leading to the foreclosure, as well as the foreclosure proceeding itself." *See id.* Consequently, they are barred.[2]

---

[2] Admittedly, *Rooker-Feldman* does not apply to claims against non-parties to the underlying state court proceedings. *See Lance v. Dennis*, 546 U.S. 459, 465 (2006); *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1234–35 (10th Cir. 2006). But that does not mean the claims brought against Davis or Wells Fargo Home Mortgage survive. Here, the complaint's lack of specific allegations against Davis and Wells Fargo Home Mortgage does not comport with Fed. R. Civ.

## IV. Compulsory Counterclaim Rule

Any remaining claims against Wells Fargo, N.A., are barred by Oklahoma's compulsory counterclaim rule. Okla. Stat. tit. 12, § 2013(A) requires a party assert any counterclaim that "arises out of the transaction or occurrence that is the subject matter of" the complaint. The failure to do so bars any later action on such claims. *See Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1103 (10th Cir. 2007) (citing *Okla. Gas & Elec. Co. v. Dist. Ct., Fifteenth Jud. Dist., Cherokee Cty.*, 784 P.2d 61, 64 (Okla. 1989)). A claim and counterclaim are transactionally related if they: (1) implicate common issues of law or fact; (2) are supported or refuted by substantially the same evidence; (3) are logically connected; and (4) would raise res judicata issues in a subsequent suit on the counterclaim. *See Fox v. Maulding*, 112 F.3d 453, 456 (10th Cir. 1997).

Here, Mr. Lemay's claims spring from the same issues underlying the foreclosure action—specifically, the issuance and terms of Mr. Lemay's loan obligation; Mr. Lemay's compliance with those obligations; and the ultimate foreclosure on Mr. Lemay's property. To that end, substantially the same evidence supports the claims in both actions, which are logically related as a matter of fact and law. Moreover—at least with respect to Wells Fargo Bank, N.A.—*res judicata* bars Mr. Lemay's claims. In the state court foreclosure action, Mr. Lemay challenged the validity of the note, mortgage, and foreclosure process in nearly a dozen filings.

---

P. 8. "It is not the sheer length of [Mr. Lemay's] filing, the number of paragraphs, or the number of claims that triggers the Rule 8 violation. Rather, the culprit is [Mr. Lemay's] failure to connect his . . . claims to the [c]omplaint's . . . factual allegations." *See Hart v. Salois*, 605 Fed. App'x 694, 701 (10th Cir. 2015). Mr. Lemay's "multiple collective allegations against the defendants and his corresponding failure to identify each individual defendant's culpable actions only exacerbated this significant deficiency." *See id.* Put simply, it is not defendants' burden "to 'piece' together the plaintiff[']s complaint." *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989). Accordingly, any claims alleged against Davis or Wells Fargo are dismissed for failure to comply with Rule 8.

[Doc. No. 6-1]. He may not do so again on a different basis. *See Carris v. John R. Thomas Assoc., P.C.*, 896 P.2d 522, 527 (Okla. 1995). Both the doctrine of claim preclusion and the compulsory counterclaim rule are "designed to prevent piecemeal litigation." *See Miller v. Miller*, 956 P.2d 887, 896 (Okla. 1998); *McDaneld v. Lynn Hickey Dodge, Inc.*, 979 P.2d 252, 256 (Okla. 1999). Thus, any claims asserted against Wells Fargo, N.A. not precluded by the *Rooker-Feldman* doctrine are barred by Oklahoma's compulsory counterclaim rule.

WHEREFORE, to the Motion to Dismiss [Doc. No. 6] of defendant Brett Davis and the Motion to Dismiss [Doc. No. 8] of defendants Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage are granted.[3]

IT IS SO ORDERED this 24th day of February.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Because dismissal is warranted, the court need not address other arguments raised in defendants' motions.